JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5831 PA (JCx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | Bank of America, N.A. v. Joe Cobb | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Joe Cobb ("Defendant") on August 5, 2010. (Docket No. 1.) Plaintiff Bank of America, N.A.'s ("Plaintiff's") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, who is appearing pro se, seems to assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Further, Defendant does not allege that the Complaint contains a federal claim in disguise, or

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5831 PA (JCx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | Bank of America, N.A. v. Joe Cobb | | |

that the unlawful detainer claim is preempted by federal law.  The Notice of Removal only alleges in a conclusory manner that the unlawful detainer action "is a claim brought under . . . the Federal Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), Truth In Lending Act (TILA), Generally Accepted Accounting Principles (GAAP), the Universal Commercial Code (UCC) and thereby specifically causing the enforcement of the invalid subject deed of trust and for wrongful foreclosure by a party without standing to foreclose.  Thus, the claims by the Plaintiff may be maintained in any appropriate United States District Court. (15 U.S.C. § 1692k(d))."  Because the Complaint does not allege claims under the FDCPA, RESPA, or TILA, the Notice of Removal's allegations are insufficient to establish the Court's federal question jurisdiction.

  For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 10L00486.  See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.